[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13170

_____

D.C. Docket No. 0:17-cv-60663-RNS

DENNIS HAYNES,
individually,

Plaintiff - Appellant,

versus

HOOTERS OF AMERICA, LLC,
a foreign limited liability company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 19, 2018)

Before ED CARNES, Chief Judge, MARCUS, Circuit Judge, and ROSS,[*] District
Judge.

_____

[*] The Honorable Eleanor L. Ross, United States District Judge for the Northern District of
Georgia, sitting by designation.

ROSS, District Judge:

At issue in this appeal is whether the plaintiff's claims for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, are moot due to the fact that the defendant entered into a remediation plan as a result of a settlement between the defendant and a different plaintiff in an almost identical earlier-filed suit.  After thorough review, we conclude that the plaintiff's claims are not moot.  Accordingly, we vacate and remand for further proceedings consistent with this opinion.

I.   *Background*

The essential facts, as set forth in the motion to dismiss record before the district court, are undisputed.  Dennis Haynes is blind and is a disabled person within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").  In order to read and navigate internet websites, Haynes utilizes Screen Reader Software, specifically, JAWS Screen Reader Software.  Hooters of America, LLC ("Hooters") owns and operates a national chain of restaurants. Hooters also operates a website, located at www.hooters.com.  Prior to the inception of this lawsuit, Haynes attempted to read and navigate Hooters' website but was unable to do so because the website was not compatible with Screen Reader Software.

On April 4, 2017, Haynes sued Hooters in the United States District Court for the Southern District of Florida seeking declaratory and injunctive relief, as well as costs and attorneys' fees, pursuant to Title III of the ADA, 42 U.S.C. § 12181, *et seq.* In pertinent part, Haynes requested that (1) the district court enter an order directing Hooters to alter its website to make it accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA and (2) the district court enter an order directing Hooters to continually update and maintain its website to ensure that it remains fully accessible to, and usable by, visually impaired individuals.

Prior to the initiation of Haynes' suit, on August 22, 2016, a different plaintiff filed a separate and nearly identical website-inaccessibility lawsuit against Hooters. Less than three weeks after the filing of that suit, the parties reached an agreement and settled their dispute ("Gomez Settlement Agreement"). The Gomez Settlement Agreement was executed on September 29, 2016. As part of the Gomez Settlement Agreement, Hooters agreed to place an accessibility notice on its website within six months and agreed to improve access on its website within twelve months to conform with the WCAG 2.0 web access standard, the recognized industry standard for website accessibility.[1]

---

[1] The Gomez Settlement Agreement does not define the term "accessibility notice," but merely states that Hooters shall use WCAG 2.0 as a guideline in making this improvement.

While the Gomez Settlement Agreement is in effect, the only person who can enforce any rights under it is the plaintiff in that case. After the agreement expires in September 2018, no one will have any rights under it. In any event, nothing in the agreement requires Hooters, either before or after it expires, to continuously update and maintain its website to ensure it remains accessible to the blind. Not only that but because the parties in Gomez voluntarily dismissed the case on October 5, 2016, and the district court did not retain jurisdiction to enforce the settlement agreement, the court could not order Hooters to abide by it.

Hooters moved to dismiss Haynes' suit, arguing that, because Hooters was in the process of actively implementing a remediation plan for its website, pursuant to the Gomez Settlement Agreement, there was no live case or controversy and Haynes' claim must be dismissed on mootness grounds. At the time Hooters filed its motion to dismiss in April 2017, Hooters stated that it was in the process of remediating its website, that its website had been substantially updated, and that it complied with the first aspect of its remediation plan by placing an accessibility notice on its website. The district court granted Hooters' motion and dismissed Haynes' complaint. The district court held that Haynes' claims for declaratory and injunctive relief pursuant to the ADA were moot, given that Hooters agreed to remedy, in accordance with the Gomez Settlement Agreement, all of the website inaccessibility issues Haynes complained of in his suit. Additionally, the district

4

court determined that there were no allegations that the relief requested by Haynes differed from the relief addressed by the Gomez Settlement Agreement, and, thus, the district court found no live controversy warranting the court's intervention.

This appeal followed.

## II.   *Mootness*

Whether a case is moot is a question of law that we review <u>de novo</u>.  <u>Sheely v. MRI Radiology Network, P.A.</u>, 505 F.3d 1173, 1182 (11th Cir. 2007) (citing <u>Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.</u>, 382 F.3d 1276, 1282 (11th Cir. 2004)).

In this appeal, we must consider whether, when a plaintiff sues a defendant for certain relief, the defendant's agreement with a third party to take actions which grant the plaintiff some of the relief he seeks moots the plaintiff's suit.  As we have explained,

> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." . . . [A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.  As this Court has explained, put another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.

<u>Troiano</u>, 382 F.3d at 1281-82 (citation omitted).

Hooters contends that by entering into the remediation plan pursuant to the Gomez Settlement Agreement, Haynes' case was moot because the remediation

plan afforded Haynes all the relief he sought and could obtain; therefore, the district court was unable to order any further meaningful relief.  The Court disagrees and finds that this case is not moot.  Hooters' assurance to an unrelated third party to remediate its website does not alone moot Haynes' claims for relief.

First, the Court notes that while Hooters may be in the process of updating the accessibility of its website, there is nothing in the record demonstrating that Hooters has successfully done so.  Accordingly, it cannot be said that the issues are no longer "live" or that the parties lack a legally cognizable interest in the outcome.

Second, some of the relief requested by Haynes remains outstanding and could be granted by a court.  Specifically, Haynes requested an injunction, one that he may enforce against Hooters if Hooters does not bring its website into compliance with the ADA.  Relatedly, Haynes requested in his complaint that the district court direct Hooters to continually update and maintain its website to ensure that it remains fully accessible.  Accordingly, even if Hooters' website becomes ADA compliant, Haynes seeks injunctive relief requiring Hooters to maintain the website in a compliant condition.  Thus, notwithstanding the fact, as argued by Hooters and as found by the district court, that the Gomez Settlement Agreement supplies Haynes with much of the relief he requested, there is still a live controversy about whether Haynes can receive an injunction to force Hooters

6

to make its website ADA compliant or to maintain it as such.  Therefore, this case is not moot.  See Wright v. Giuliani, 230 F.3d 543, 547 (2d Cir. 2000) (finding that although relief mandated in another case may remedy the conditions complained of in the instant case, the instant case will not be moot provided the first decision did not "grant the precise relief sought by the plaintiffs in this case").

Finally, Haynes was not a party to the Gomez Settlement Agreement.  Consequently, if, for whatever reason, Hooters does not remediate its website in accordance with the Gomez Settlement Agreement, Haynes will have no way of enforcing the remediation plan.  See Kennedy Bldg. Assocs. v. Viacom, Inc., 375 F.3d 731, 745 (8th Cir. 2004) ("If the suit were to be dismissed upon an agreement between third parties to perform at some time in the future, if 'some impediment arises or some prolonged delay ensues' in the planned performance, the plaintiff would be 'at square one.'") (quoting Kostok v. Thomas, 105 F.3d 65, 66 (2d Cir. 1997)).

In sum, for all of the reasons stated herein, the Court finds that Haynes' claims are not moot.

III.    *Conclusion*

Because the Court finds that Haynes' complaint presents a live case or controversy, Haynes' case is not moot.  We therefore vacate and remand the judgment of the district court.[2]

**VACATED AND REMANDED.**

---

[2] Hooters filed a motion for sanctions against Haynes under Federal Rule of Appellate Procedure 38 for filing a frivolous appeal.  That motion is DENIED.