[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14509
_____

D.C. Docket No. 8:18-cv-01005-JSM-AAS

PATRICIA KENNEDY, individually,

Plaintiff - Appellant,

versus

SIESTA INN & SUITES, INC.,
a Florida Corporation d.b.a. Hibiscus Suite Inn,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2020)

Before MARTIN, ROSENBAUM, and TALLMAN,[*] Circuit Judges.

PER CURIAM:

Patricia Kennedy is a self-described "ADA tester" who, as relevant here, visits hotel online reservations websites and third-party websites to determine whether they comply with Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA"), and its implementing regulations, 28 C.F.R. §§ 36.101 *et seq.* In this capacity, she filed suit against Siesta Inn & Suites, Inc. ("Siesta"), alleging that the reservation website for its property, the Hibiscus Suites Inn ("the hotel") in Sarasota, Florida, does not meet the requirements set forth in 28 C.F.R. § 36.302(e). The district court dismissed the case as moot after Siesta voluntarily remediated the hotel's website in response to Kennedy's complaint. We vacate the dismissal and remand for further proceedings.

I

Under 28 C.F.R. § 36.302(e)(1)(ii), public accommodations such as the Hibiscus Suites Inn, shall "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." This requirement

---

[*] The Honorable Richard C. Tallman, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

applies "with respect to reservations made by any means, including by telephone, in-person, or through a third party," *id.* § 36.302(e)(1); that is, the regulation applies to hotel reservation websites, whether maintained by the public accommodation itself or by third-parties such as expedia.com and booking.com.

Kennedy's complaint, filed in April 2018, requested a declaratory judgment determining that Siesta was violating Title III of the ADA, as well as injunctive relief in the form of an order requiring Siesta to revise the hotel's website to comply with 28 C.F.R. § 36.302(e), "and to implement a policy to monitor and maintain the [w]ebsite to ensure that it remains in compliance with said requirement." Kennedy defined the term "website" to include "all [w]ebsites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel." Instead of answering the complaint, Siesta filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), attaching a declaration from its website consultant and screenshots of the updated website which it contended rendered Kennedy's claims moot.

The district court gave Kennedy thirty days to weigh in on whether the updated website complied with the ADA regulation and thereby rendered her claims moot under the doctrine of voluntary cessation as described in *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007). In response, Kennedy booked a room advertised as ADA accessible using the updated website,

3

visited the hotel, and then filed an affidavit and photographs showing

inconsistencies between the hotel website's representations regarding the

accessibility of its rooms and amenities and the actual conditions on site.[1]

Additionally, Kennedy detailed similar inadequacies based on the representations

made by specific third-party booking websites including hotelsone.com,

expedia.com, tripadvisor.com, booking.com, hotelplanner.com, trivago.com,

hotels.com, hotwire.com, and travelocity.com.

In its order dismissing the case as moot, the district court nonetheless stated

that "Kennedy did not file any evidence indicating that [the hotel] had not cured

the defects with the website that she raised in the Complaint."  Instead, according

to the court, Kennedy visited the hotel "and now alleges the physical property

violated the ADA in various ways" and that "other websites not mentioned in the

Complaint . . . (*e.g.* expedia.com, booking.com, etc.) are non-ADA compliant."

Notwithstanding her showing, the district court—referencing its prior order

---

[1] While some of the conditions Kennedy complained of in her affidavit go beyond what the hotel
described on its updated website—and therefore are not appropriate for consideration in this case
absent amendment of her original complaint to add new physical condition claims—many of the
conditions she observed and described in her reply directly contradict the claims made on the
hotel's updated website about its accessibility measures.  For example, Kennedy submitted
photographs refuting the website's claim that "[t]he bathtubs feature removable seats, capable of
secure placement," and "a grab bar [is] provided on the side wall closest to the toilet and on the
wall behind the toilet."  Instead, as Kennedy pointed out, her photographs showed that "[t]he rear
grab bar to the commode is obstructed," "[t]he commode has no side grab bar," and "[n]o tub
seat was provided."

discussing mootness due to voluntary cessation—dismissed Kennedy's claims with prejudice.  Kennedy timely appealed.

## II

Whether a case is moot is a question of law we review *de novo*.  *Sheely*, 505 F.3d at 1182.  The parties raise several arguments that we find unnecessary to address in resolving this appeal—primarily whether, based on *Haynes v. Hooters of America, LLC*, 893 F.3d 781 (11th Cir. 2018), remediation does not moot a website claim where, as here, there is also a request for an injunction requiring the hotel to maintain the site in a compliant manner moving forward, and whether the district court misapplied the elements of the *Sheely* test to conclude that Siesta's voluntary remediation of the hotel's website mooted the case.  Instead, our holding is much simpler: the evidence Kennedy submitted at the court's direction shows that the website remediation was in fact inadequate and that both the hotel's website and identified third-party booking websites still may not comply with 28 C.F.R. § 36.302(e).  We are persuaded that Kennedy has put forward sufficient facts to demonstrate that her claim is not moot and her case therefore can proceed. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (explaining that "when a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts").

A

As there is little precedent interpreting 28 C.F.R. § 36.302(e), we principally rely on the plain language of the regulation itself, with reference to the Title III Regulations 2010 Guidance and Section-by-Section Analysis put forth by the Department of Justice, which promulgated the regulation. *See* Dep't of Just., Americans with Disabilities Act Title III Regulations, Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities (2010), at 65–196 (hereinafter "DOJ Guidance"). Those sources, however, are sufficient for us easily to conclude that Kennedy's claims are not moot.

With respect to the section of the regulation addressing hotel reservations, the Department explained that it receives "many complaints" regarding reservations "involv[ing] individuals who have reserved an accessible hotel room only to discover upon arrival that the room they reserved is . . . not accessible." DOJ Guidance, at 97. The Department also recited that "commenters pointed out that it can be difficult or impossible to obtain information about accessible rooms and hotel features and that even when information is provided it often is found to be incorrect upon arrival." *Id.* at 98. In light of these concerns, the Department concluded that "[i]dentification of accessible features in hotels and guest rooms" is "essential to ensure that individuals with disabilities receive the information they need to benefit from the services offered by the place of lodging," that "individuals

6

with disabilities must be able to ascertain which features—in new and existing facilities—are included in the hotel's accessible guest rooms," and that "[t]he presence or absence of particular accessible features . . . may be the difference between a room that is usable by a particular person with a disability and one that is not." *Id.* at 99.

Bearing this guidance in mind—and, indeed, as a matter of common sense— it is apparent that a reservation website that does not *accurately* and *correctly* describe the accessibility features available at a hotel does not comply with the regulation because it does not "permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii).  Although Siesta may have included descriptions of accessibility features at the hotel on its updated reservation website, those descriptions apparently did not match the conditions Kennedy actually encountered at the hotel—the very circumstance the Department explained it was trying to prevent by promulgating the regulation.  Kennedy's submission of an affidavit and photographs in response to the court's request was therefore sufficient to show that her claim was not mooted by Siesta's voluntary, but inadequate, website update.[2]

---

[2] The district court seems to have assumed that Kennedy was improperly trying to introduce new "physical condition" claims into her lawsuit via her affidavit and photographs.  This confusion is understandable given that Kennedy documented many more accessibility problems at the hotel

B

This case also is not moot with respect to third-party websites offering reservations at the hotel in a non-compliant manner.  Under the ADA regulation, which applies to "reservations made . . . through a third party," 28 C.F.R. § 36.302(e)(1), Siesta has a duty to "provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms," DOJ Guidance, at 99.  Thus, even if Siesta had sufficiently remediated its own hotel website, the fact that third-party reservation sites with which Siesta may partner continue to lack accurate information permitting disabled guests seeking to determine whether there exist at the hotel accessible rooms to meet their particular needs remains actionable under the regulation.

Moreover, such a claim was within the scope of Kennedy's original complaint because she specifically defined her use of the term "website" as extending to "all [w]ebsites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel."  Importantly, we do not interpret Kennedy's affidavit as seeking to hold the third-party site operators

---

than just those arising from the accessibility features advertised on the updated website.  On the other hand, Kennedy noted in her affidavit that she was filing "a new complaint against the Defendant with respect to the physical barriers at the hotel."  Indeed, she filed a second lawsuit against Siesta which has been stayed pending resolution of this case.  *See Kennedy v. Siesta Inn & Suites, Inc.*, Case No. 8:18-cv-02515-MSS-CPT (M.D. Fla. 2018), Doc. 20-1.  Thus, it is apparent that Kennedy was not introducing this evidence in order to bring new physical condition claims into her lawsuit, but rather to show that the representations made on the remediated website were inaccurate.

*themselves* liable.  If that were her aim, Kennedy would have needed to amend her complaint to add the site operators as necessary parties.  Rather, in our view, Kennedy points to the specific third-party websites discussed in her affidavit as potential evidence that Siesta has not complied with its duty under the regulation to provide accurate accessibility information to outside reservation sites.  In other words, that information bears on Siesta's culpability, not the culpability of the third-party website operators.[3]  At the discovery stage, Kennedy perhaps will be able to show that Siesta failed to provide sufficient accessibility information to the third-party sites listed in her affidavit, to establish a violation of the ADA regulation.  Or discovery may reveal that Siesta provided the relevant information to the third-party sites, but the third party failed to provide the information to prospective guests on its website.[4]  We conclude that at this stage of the case, however, Kennedy's affidavit discussing the non-compliant third-party websites demonstrates that her claims against Siesta are not moot.

*    *    *

---

[3] To the extent the contours of her claim against Siesta stemming from the third-party websites are not clear from Kennedy's complaint, the district court could permit her to amend in order to clarify them.  *See, e.g.*, *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 647 (11th Cir. 2019) (noting that "the Rules encourage district courts to 'freely give leave' for subsequent amendments 'when justice so requires'" (quoting Fed. R. Civ. P. 15(a)(2)).

[4] Under this scenario, the DOJ Guidelines suggest that Siesta may not be responsible for the third-party site's failure to disclose the relevant information.  *See* DOJ Guidance, at 99.

We hold that in response to Siesta's Rule 12(b)(1) motion to dismiss, Kennedy submitted evidence sufficient to show that the hotel's updated website apparently still fails to comply with the requirements of 28 C.F.R. § 36.302(e)(1)(ii), and that certain third-party reservation websites also lack accurate accessibility information necessary for compliance.  Accordingly, Kennedy's claims were not mooted by Siesta's voluntary website remediation.  We decline at this stage to address the parties' mootness arguments as to ongoing ADA compliance monitoring of websites discussed in our *Haynes v. Hooters* decision. That must await further factual development through discovery.

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**